COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTIONS

| | |
|---|---|
| Appellate case name: | Patrick Olajide Akinwamide v. Transportation Insurance Company, CNA Insurance Company, and Automatic Data Processing Inc. |
| Appellate case number: | 01-15-00066-CV |
| Trial court case number: | 1997-48526 |
| Trial court: | 80th Judicial District Court of Harris County |

Appellant, Patrick Olajide Akinwamide, proceeding *pro se*, filed a notice of appeal in the trial court on November 25, 2014, from the November 4, 2014 order granting the appellees' motions for sanctions and to declare appellant a vexatious litigant, after a show cause hearing, pursuant to Texas Civil Practice and Remedies Code Sections 11.051 and 11.054. Following that pre-filing order, appellant is prohibited from filing, *pro se*, any new litigation in this state without the prior permission of the local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE §§ 11.101, 11.102. Further, in that pre-filing order, the trial court also ordered appellant to pay $2,500.00 to appellees' counsel in attorney's fees and $500.00 to the trial clerk by December 1, 2014, as a public sanction pursuant to Texas Civil Practice and Remedies Code Section 10.004.

On January 29, 2015, appellant filed a motion for a stay of the sanctions order pending appeal. The underlying action arises from the appellant's most recent attempt to re-litigate and set aside an adverse judgment, issued in 2000, for which we had dismissed a prior attempted appeal for want of jurisdiction in 2012. *See Akinwamide v. Transp. Ins. Co., et al.*, No. 01-11-00755-CV, 2012 WL 3861229, at *2 (Tex. App.—Houston [1st Dist.] Sept. 6, 2012, pet. denied). Because our mandate issued on May 13, 2013, we would lack jurisdiction over another appeal of appellant's underlying action to re-litigate his 2000 adverse judgment.

However, because appellant's notice of appeal here is only of the November 4, 2014 pre-filing order declaring appellant to be a vexatious litigant, that pre-filing order itself is appealable and is to be reviewed under an abuse-of-discretion standard. *See* TEX.

CIV. PRAC. & REM. CODE ANN. §§ 11.101(c), 11.103(d); *In re Douglas*, 333 S.W.3d 273, 282 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). Similarly, appellate courts review the imposition of sanctions, under either Chapter 10 of the Texas Civil Practice and Remedies Code or Texas Rule of Civil Procedure 13, under an abuse-of-discretion standard. *See Nath v. Texas Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014). Thus, because the pre-filing order is appealable and contains the sanctions order, appellant's motion to stay the sanctions order pending appeal is **granted**, and the sanctions portion of the pre-filing order will be considered together with the merits of underlying appeal of the pre-filing order declaring appellant a vexatious litigant.

Additionally, on February 13, 2015, appellant filed a motion to have this Court order the trial clerk to supplement the clerk's record in this case to include various documents related to his affidavit of indigence, including his motion for a free appellate record. On January 2, 2015, this Court ordered the court reporter to file the reporter's record of the show cause hearing within thirty days of that order. And, because appellant's notice of appeal included an affidavit of indigence, the Clerk of this Court, on January 27, 2015, issued a notice to the trial court clerk requesting the clerk's record on indigence to be filed by March 2, 2015. On February 18, 2015, the trial clerk filed a supplemental clerk's record in this Court, including the documents requested by appellant, and stated that there was no contest filed to the affidavit of indigence. Thus, appellant's motion to supplement is **dismissed as moot** because those records have already been filed by the trial clerk or were requested from the court reporter.

Accordingly, we **grant** appellant's motion to stay the sanctions order, with respect to the $3,000.00 award of fees/sanctions by December 1, 2014, pending determination of the underlying appeal of the pre-filing order, signed November 4, 2014, and **dismiss as moot** appellant's motion to supplement the clerk's record. Appellant's appellate brief will be due within thirty days after the filing of the reporter's record. *See* TEX. R. APP. P. 38.6(a)(2).

Finally, because there was no timely-filed contest to appellant's affidavit of indigence, the Clerk of this Court is directed to mark appellant as indigent and allowed to proceed without advance payment of costs. *See* TEX. R. APP. P. 20.1(f).

It is so ORDERED.

Judge's signature: /s/ <u>Evelyn V. Keyes</u>
          ☒ Acting individually    ☐ Acting for the Court

Date: March 3, 2015

2